UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WILLIAM LEE JONES, JR.,

    Movant

v.                                  CIVIL ACTION NO. 2:04-1124
                                     (Criminal No. 2:02-00019-01)

UNITED STATES OF AMERICA,

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending is the movant's motion pursuant to 28 U.S.C. § 2255, filed October 18, 2004.

Movant seeks the vacatur, set aside, or correction of his conviction and sentence, imposed following trial. Movant was charged in a superseding indictment with the following counts: (1) Count I--controlled substance conspiracy, in violation of 21 U.S.C. § 846, (2) Count II--possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and (3) Count III--possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). A forfeiture count was also alleged but ultimately dismissed at the government's behest prior to trial.

The movant was acquitted as to Count I and convicted as to the remaining counts. The movant's direct appeal was unsuccessful. United States v. Jones, 356 F.3d 529 (4th Cir. 2004). On March 22, 2004, his conviction became final when his petition for discretionary review was denied by the Supreme Court. Jones v. United States, 541 U.S. 952 (2004).

The court received the proposed findings and recommendation of the magistrate judge filed on October 19, 2005, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). On November 2, 2005, movant objected.

II.

A. The Governing Standard

As noted by the magistrate judge, each of the grounds offered by the movant involve the alleged ineffective assistance of counsel. The demanding standard for such claims was revisited recently by our court of appeals, quoting the now well-settled formulation found in Strickland v. Washington, 466 U.S. 668 (1984):

> To prove a Sixth Amendment violation under Strickland a defendant must demonstrate "that counsel's performance

2

> was deficient," and that this "deficient performance prejudiced the defense." To succeed in showing prejudice, a defendant must demonstrate that there is a "reasonable probability" that absent the alleged errors, "the result of the proceeding would have been different."

Vinson v. True, 436 F.3d 412, 418 (4th Cir. 2006) (quoted authority omitted).

B.  Objections

The movant's first objection is that he is not relying upon Blakely v. Washington, 542 U.S. 296 (2004), or United States v. Booker, 543 U.S. 220 (2005), but instead upon the text of the Fifth and Sixth Amendments. When one analyzes his arguments following that protestation, however, his attempt to rely upon both Booker and Blakely is apparent. In view of the finality of his conviction in March 2004, his reliance upon those two cases is barred by our court of appeals' precedent. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

Second, movant challenges the magistrate judge's treatment of his Fourth Amendment claim. As the magistrate judge correctly notes, the claim is barred by virtue of the fact that it was raised, and rejected, during movant's direct appeal. The well-settled authority supporting the conclusion is unassailable.

3

<u>United States v. Roane</u>, 378 F.3d 382, 396 (4th Cir. 2004) (citing <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976) (explaining that defendant cannot re-litigate issues previously rejected on direct appeal)).

Finally, movant contends the magistrate judge erred in concluding (1) that his criminal history score was properly calculated and (2) that no error arose from the handling of the forfeiture allegations in the indictment. Both contentions are adequately, and correctly, resolved by the magistrate judge. No further elaboration is necessary.

Based upon the foregoing, and the proposed findings and recommendation of the magistrate judge, which are hereby adopted and incorporated herein, the court concludes that movant has failed to demonstrate that his lawyer provided constitutionally deficient representation. The court concludes that the section 2255 motion should be denied.

II.

It is, accordingly, ORDERED that the movant's motion pursuant to 28 U.S.C. § 2255 be, and it hereby is, denied. It is further ORDERED that this action be, and it hereby is, dismissed and stricken from the docket.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), movant shall have sixty days after the date of entry of this decree in which to appeal. The failure within that period to file with the Clerk of this court a notice of appeal of this Judgment will render the memorandum opinion and order and this Judgment final and unappealable.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the magistrate judge.

ENTER: June 16, 2006

John T. Copenhaver, Jr.
United States District Judge